[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
This case went to trial on the first count, with the plaintiff Howard Baker claiming he received personal injuries as the result of an assault on him by the defendant Del Vecchio. The plaintiff Danielle Baker withdrew her loss of consortium claim in the second count prior to the start of trial and is no longer involved in this case.
The episode which gave rise to the suit occurred on November 12, 1993 in Madison, Connecticut at a bar known as The Lobster Nest. The establishment was owned by The Lobster Nest, Inc. and the defendants Kenneth Rohlman and Patrick Del Vecchio were employees of the corporation.
 DISCUSSION I
The plaintiff Howard Baker, hereinafter "Baker," was a patron of the bar on the date of the episode and admitted to having arrived at the bar CT Page 14757 in an intoxicated state. He apparently had a beer and was told by the defendant Del Vecchio, the bartender, to leave the establishment.
The court heard two version of what happened next and predictably, Baker and Del Vecchio told completely different stories. Rohlman did not testify and was not present at the trial.
Baker testified that he left the bar and was thrown to the ground and pummeled and while on the ground was kicked in the face by Del Vecchio. His mouth was bleeding, teeth were knocked out and his face around the right eye and mouth were a bloody mess. At some point, as he staggered forward, he came in contact with a hanging sign on which he left bloody smears.
Del Vecchio's testimony, characterized in his own brief as "confused," is totally unreliable. He denies kicking Baker and states he never left the bar until after the police came. He first said he called the police because a patron reported someone was not letting people leave the bar. Then, he said a patron told him there was someone with blood on him out in the parking lot. He then claims he looked outside and saw Baker "charging the sign," and that was when he called the police. He also stated that a patron came to him and said "Someone's going to run through the sign . . .", an amazing prediction of human behavior since that is what Del Vecchio claims Baker did to incur his injuries.
There were also inconsistencies between Del Vecchio's testimony and his written statement given to the police. After denying Baker's face was bloody before his contact with the sign, he changed his testimony and indicated his written statement was correct and that Baker's face "was covered with blood" before he came into contact with the sign. One could go on dissecting the testimony and the statement, but that would serve no purpose.
The court's observations lead to the inescapable conclusion that Baker's injuries are consistent with his claim of having been kicked. The court cannot conceive of the contact with the sign causing the injuries depicted in photos and described in reports.
Support for this conclusion was furnished by Officer Hedges of the Madison Police Department who investigated the episode. He sated he did not feel the sign was the cause of the injuries. He also noted that Del Vecchio was certain Baker was bloody before he hit the sign. And, he confirmed that Baker described his assailant as wearing shorts. Del Vecchio admitted he may have been wearing shorts — the temperature was 61 degrees on November 12. CT Page 14758
The court concludes that the defendant Del Vecchio, an employee of the defendant Lobster Nest, Inc., was the party who kicked the plaintiff in the face and caused the injuries complained of by way of an intentional assault.
As to the defendant Rohlman, though he was on the scene and was referred to as "the owner," the court heard no evidence as to his action or inaction which would render him liable.
 II
Turning to the issue of damages, the court finds the injuries sustained were serious and permanent. His medical and dental bills to date total $1,880.12. The defendants have not questioned the plaintiff's claims for further corrective and restorative dental treatment. The court finds them to be reasonable and awards the plaintiff $20,000 for that work, for economic damages in the total amount of $21,880.12.
The court further finds that an award for pain and suffering and permanence is appropriate for this brutal attack on one in a susceptible condition. An award of $22,000 is found to be a reasonable award for non-economic damages.
In summary then, judgment may enter for the plaintiff Howard Baker to recover of the defendants Lobster Nest, Inc., and Patrick Del Vecchio the sum of $43,880.12 plus taxable costs.
Judgment may enter for the defendant Kenneth Rohlman.
Anthony V. DeMayo Judge Trial Referee